ORIGINAL

1  NICOLA T. HANNA
   United States Attorney
2  LAWRENCE S. MIDDLETON
   Assistant United States Attorney
3  Chief, Criminal Division
   MICHAEL G. FREEDMAN (Cal. Bar No. 281279)
4  Assistant United States Attorney
   International Narcotics, Money Laundering,
5  & Racketeering Section
        1400 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-0631
        Facsimile: (213) 894-0141
8       E-mail:   michael.freedman@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

              UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

   UNITED STATES OF AMERICA,            No. CR 19 MJ02195

13
                Plaintiff,              GOVERNMENT'S NOTICE OF REQUEST FOR
14                                      DETENTION
                     v.
15
   LEO HU,
16 a/k/a LI-OU WU,
   a/k/a MENG-TING HU,
17 a/k/a JEFF HSIAO
                Defendant.
18

19

20      Plaintiff, United States of America, by and through its counsel

21 of record, hereby requests detention of defendant and gives notice of

   the following material factors:

   ☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

            following grounds:

            a.   present offense committed while defendant was on release

                 pending (felony trial),

26          b.   defendant is an alien not lawfully admitted for

27               permanent residence; and

28

1

2 ☐ c.    defendant may flee; or

3 ☐ d.    pose a danger to another or the community.

4 ☒ 2.    Pretrial Detention Requested (§ 3142(e)) because no

5         condition or combination of conditions will reasonably

6         assure:

7 ☒ a.    the appearance of the defendant as required;

8 ☒ b.    safety of any other person and the community.

9 ☐ 3.    Detention Requested Pending Supervised Release/Probation

10         Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

11         § 3143(a)):

12 ☐ a.    defendant cannot establish by clear and convincing

13         evidence that he/she will not pose a danger to any

14         other person or to the community;

15 ☐ b.    defendant cannot establish by clear and convincing

16         evidence that he/she will not flee.

17 ☒ 4.    Presumptions Applicable to Pretrial Detention (18 U.S.C.

18         § 3142(e)):

19 ☒ a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

20         (46 U.S.C. App. 1901 et seq.) offense with 10-year or

21         greater maximum penalty (presumption of danger to

22         community and flight risk);

23 ☐ b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

24         2332b(g)(5)(B) with 10-year or greater maximum penalty

25         (presumption of danger to community and flight risk);

26 ☐ c.    offense involving a minor victim under 18 U.S.C.

27         §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

28

2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐ d.   defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 5.   Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐ a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b.   an offense for which maximum sentence is life imprisonment or death;

☒ c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d.   any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c

1          if federal jurisdiction were present, or a combination

2          or such offenses;

3    ☐   e.   any felony not otherwise a crime of violence that

4          involves a minor victim or the possession or use of a

5          firearm or destructive device (as defined in 18 U.S.C.

6          § 921), or any other dangerous weapon, or involves a

7          failure to register under 18 U.S.C. § 2250;

8    ☒   f.   serious risk defendant will flee;

9    ☒   g.   serious risk defendant will (obstruct or attempt to

10         obstruct justice) or (threaten, injure, or intimidate

11         prospective witness or juror, or attempt to do so).

12   ☐   6.   Government requests continuance of _____ days for detention

13         hearing under § 3142(f) and based upon the following

14         reason(s):

15

16   _____

17   _____

18   _____

19   // _____

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1    ☐   7.    Good cause for continuance in excess of three days exists in

2             that:

3

4                _____

5                _____

6                _____

7                _____

8 Dated: May 23, 2019              Respectfully submitted,

9                                    NICOLA T. HANNA
                                   United States Attorney

10

11                                    LAWRENCE S. MIDDLETON
                                   Assistant United States Attorney

12                                    Chief, Criminal Division

13                                    _____

14                                    MICHAEL G. FREEDMAN
                                   Assistant United States Attorney

15                                    Attorneys for Plaintiff

16                                    UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28